Judge MURGUIA
dissenting.
I respectfully dissent from my colleagues. I disagree that substantial evidence supports the adverse credibility finding based on the discrepancy as to who escorted Begum to report the March 1998 rape. If discrepancies “cannot be viewed as attempts by the applicant to enhance [her] claims of persecution, [they] have no bearing on her credibility.” Shah v. INS, 220 F.3d 1062, 1068 (9th Cir.2000) (second alteration in original). The salient point for Begum’s claim of persecution is that she was raped, not who accompanied her to the police station days later. See Wang v. Ashcroft, 341 F.3d 1015, 1022 (9th Cir.2003). Moreover, Begum gave a plausible explanation for this inconsistency, which the IJ mentioned only in passing, failing to suggest any reason she found it not credible. Guo v. Ashcroft, 361 F.3d 1194, 1201 (9th Cir.2004).
In the absence of this inconsistency, I would reverse the IJ’s adverse credibility determination. The heart of Begum’s claim is fear for her safety in Fiji, after Fijian soldiers repeatedly raped her on account of her political beliefs. Begum’s inconsistencies with respect to persecution suffered by her father are incidental to the heart of her claim, and cannot properly support an adverse credibility determination. Wang, 341 F.3d at 1021-22. Furthermore, the IJ did not provide specific, cogent reasons for her demeanor finding. See Arulampalam v. Ashcroft, 353 F.3d 679, 686 (9th Cir.2003). Additionally, Begum’s description of her attackers was not impermissibly vague, see Cordon-Garcia v. INS, 204 F.3d 985, 991 (9th Cir.2000), and Begum’s credibility is not undermined by her voluntary return to Fiji in 2001 to see her sick father, see Karouni v. Gonzales, 399 F.3d 1163, 1176 (9th Cir.2005). Lastly, the IJ incorrectly found Begum not credible for failing to provide evidence of her work for the Fiji Labor Party, despite the fact that evidence located outside the United States is almost never easily obtainable. See Sidhu v. INS, 220 F.3d 1085, 1091-92 (9th Cir.2000).
Accordingly, I would grant the petition for review and remand to the BIA for further proceedings.